UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. RENTSCH,

        Petitioner,

Case No. 2:18-cv-11837

HONORABLE STEPHEN J. MURPHY, III

v.

RANDEE REWERTS,

        Respondent.

_____/

## ORDER HOLDING IN ABEYANCE
## PETITION FOR WRIT OF HABEAS CORPUS [1]
## AND ADMINISTRATIVELY CLOSING THE CASE

Pro se petitioner David K. Rentsch, confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently, he has an appeal pending in the Michigan Court of Appeals following the denial of a re-sentencing in the state trial court. ECF 8-17. In lieu of dismissing the petition, the Court will hold the petition in abeyance, stay the proceedings, and administratively close the case.

### BACKGROUND

A jury in the Livingston County Circuit Court convicted Petitioner of two counts of armed robbery, Mich. Comp. Laws § 750.529. ECF1, PgID 1; ECF 8-15, PgID 1698.

Petitioner filed an appeal of right, raising the claims that are included in his current habeas petition. *See* ECF 1, PgID 6. The Michigan Court of Appeals affirmed

1

his conviction. *People v. Rentsch*, No. 321934, 2015 WL 6438298 (Mich. Ct. App. Oct. 22, 2015).

The Michigan Supreme Court later remanded the case to the Livingston County Circuit Court to determine whether Petitioner should be re-sentenced, in light of the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358 (Mich. 2015). *People v. Rentsch*, 499 Mich. 963, 963, 880 N.W.2d 590 (2016). *Lockridge* held that Michigan's Sentencing Guidelines scheme violated the Sixth Amendment right to a jury trial. On remand, the trial judge stated that upon considering the *Lockridge* decision, she "would have imposed the same sentence absent the unconstitutional restraint on its decision." *People v. Rentsch,* Nos. 13-021213-FC, 13-021292-FC (Livingston Cty. Cir. Ct. Oct. 11, 2016); ECF 8-17, Pg ID 2022.

Petitioner, through counsel, filed an appeal from the denial of his request to be resentenced with the Michigan Court of Appeals, which remains pending with that court. *See People v. Rentsch,* No. 344059 (Mich. Ct. App.); ECF 8-17, Pg ID 1997–2075).

On May 30, 2018, Petitioner filed his petition for writ of habeas corpus.[1] He seeks habeas relief on the three claims that he raised before the Michigan Court of Appeals on his appeal of right.

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on May 30, 2018, the date that it was dated as placed in the prison mailing system. *See Towns v. United States,* 190 F. 3d 468, 469 (6th Cir. 1999).

2

# STANDARD OF REVIEW

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor,* 404 U. S. 270, 275–78 (1971); *Hannah v. Conley,* 49 F. 3d 1193, 1195 (6th Cir. 1995). "[A] federal court cannot grant habeas relief if there still is a potential state remedy for the state courts to consider." *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009); *see also* 28 U.S.C. § 2254(c).

"[A] would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983). "Even if the federal constitutional question raised by a habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting any federal question." *Id.* (citation omitted); *see also Garrett v. Larson,* 2:13–CV–11339, 2013 WL 1681258, at * 2 (E.D. Mich. Apr. 17, 2013).

A federal district court has the power to hold in abeyance fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, N.H. State Prison,* 299 F.3d 69, 77–79 (1st Cir. 2002); *see also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007) (noting that a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk,* 299 F. 3d at 83). "[I]f this Court were to proceed in parallel" while petitioner was pursuing his re-sentencing appeal, "there is a risk of

3

wasting judicial resources if the state court might grant relief on the unexhausted claim." *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 942 (E.D. Mich. 2015) (citing *Nowaczyk*, 299 F.3d at 78).

When a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

**DISCUSSION**

Petitioner has exhausted three claims that he raises in his petition, but his re-sentencing appeal is pending in the Michigan Court of Appeals. Instead of dismissing the petition, the Court will hold the petition in abeyance during the pendency of Petitioner's appeal of the denial of his request for re-sentencing.[2] Tolling is conditioned upon Petitioner returning to federal court within ninety days after the completion of any re-sentencing appeal in the Michigan appellate courts. [3]

Within 90 days after the conclusion of his appeal, Petitioner must file a motion to lift the stay and to reopen his case under this docket number. Petitioner may also move to amend his habeas petition to add new claims. Otherwise, Petitioner must inform the Court that he will proceed with the petition as is. To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical

---

[2] The Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See, e.g., Banks v. Jackson*, 149 F. App'x 414, 422 n. 7 (6th Cir. 2005) (citations omitted).

[3] When an appellate court in Michigan has remanded a case for some limited purpose following a defendant's appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from that decision on remand. *See People v. Kincade*, 206 Mich. App. 477, 481 (1994).

4

purposes only. Nothing in this order shall be considered a disposition of the petition. *Thomas,* 89 F. Supp. 3d at 943–44.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the case is **STAYED**. The petition is held in abeyance pending Petitioner's state court appeal of the denial of his request to be resentenced. Within 90 days of the conclusion of his state court appeal, Petitioner must file under this docket number a motion to lift the stay and reopen the case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively **CLOSE** the case.

SO ORDERED.

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: February 20, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 20, 2019, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager